IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

THE CONNOR GROUP,

    Plaintiff,

v.

ALGERNON SHARPE,

    Defendant.

CIVIL ACTION NO.
1:18-CV-0077-LMM-JSA

## **ORDER**

This case began as a dispossessory proceeding in the Magistrate Court of Fulton County, Georgia. Defendant Algernon Sharpe, proceeding *pro se*, then removed this action to this Court on January 5, 2018. The same day, the Magistrate Judge granted Defendant's request to proceed *in forma pauperis* and recommended remanding this case to state court for lack of subject-matter jurisdiction. Dkt. No. [3]. That recommendation will be accepted.

At any time following removal, a "district court may remand a case *sua sponte*."[1] Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009) (citing 28 U.S.C. § 1447(c)). The burden of

---

[1] For this reason, the Court need not wait until Defendant has had an opportunity to object to the Magistrate Judge's R&R to remand this case.

establishing federal jurisdiction rests with the removing party. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009). The existence of federal-question jurisdiction depends on the allegations in the complaint at the time of removal. Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011). And any doubts about the existence of federal jurisdiction will be resolved in favor of remand. Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).

Defendants may remove a state-court action only where it "originally could have been filed in federal court." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As a result, "absent diversity of citizenship, the only basis for removal is 'when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" Lindley v. FDIC, 733 F.3d 1043, 1050 (11th Cir. 2013) (quoting Caterpillar, 482 U.S. at 392). This is known as the well-pleaded complaint rule. Rivet v. Regions Bank of La., 522 U.S. 470, 475 (1998). Federal-question jurisdiction exists only where the case "arise[s] under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Generally, "a case 'arises under' federal law if federal law creates the cause of action, or if a substantial disputed issue of federal law is a necessary element of a state law claim." Pacheco de Perez, 139 F.3d at 1373.

The well-pleaded complaint rule renders "the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law."

_____

Caterpillar, 482 U.S. at 391. This is true "even where a federal claim is also available." Dunlap v. G&L Holding Grp., Inc., 381 F.3d 1285, 1290 (11th Cir. 2004). Thus, when the complaint "allege[s] only state law claims, there is no jurisdiction under the well-pleaded complaint rule." Conn. State Dental Ass'n, 591 F.3d at 1343. Yet an "independent corollary" to the well-pleaded complaint rule is that "a plaintiff may not defeat removal by omitting to plead necessary federal questions." Rivet, 522 U.S. at 475 (quoting Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22 (1983)). Indeed, where "a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." Id. The artfully pleaded exception, however, applies only where federal law has completely preempted state law or when adjudication of the plaintiff's state-law claim necessarily turns on a substantial question of federal law. Dunlap, 381 F.3d at 1290.

Here, Plaintiff merely sought a dispossessory warrant in the Magistrate Court of Fulton County against Defendant. This request is solely a matter of state law. The putative federal questions—violations of constitutional rights and federal law—were raised in Defendant's notice of removal. But even if the U.S. Constitution or federal law affords an adequate defense or support a counterclaim, removal is improper. Federal defenses and counterclaims cannot create federal jurisdiction where, as here, the plaintiff seeks only state-law relief unless that relief has been completely preempted by federal law or depends on a

substantial question of federal law. See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 830-32 (2002). Neither exception applies here.

Defendant also cannot satisfy diversity jurisdiction as (1) he cannot demonstrate the amount in controversy is met; and (2) he is a Georgia citizen. Citimortgage, Inc. v. Dhinoja, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) ("a claim seeking only ejectment in a dispossessory action cannot be reduced to a monetary sum for purposes of determining the amount in controversy."); Henderson v. Washington Nat. Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006) ("When a defendant removes a case to federal court on diversity grounds, a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed."); see also 28 U.S.C. § 1332. Therefore, diversity jurisdiction is also not satisfied.

Therefore, the Clerk is **DIRECTED** to remand this case to the Magistrate Court of Fulton County, Georgia and **CLOSE** this case.[2]

---

[2] As this case involves a *pro se* party, the Court provides further guidance. An order remanding the case means that the case will continue to be heard, but in the court where it was originally filed – here, the Magistrate Court of Fulton County. The case is simply being returned to the Magistrate Court of Fulton County for further proceedings. Because the case is not being dismissed, there is no right to appeal this order. Any future motions should be filed with the Magistrate Court of Fulton County.

4

**IT IS SO ORDERED** this 9th day of January, 2018.

                                                          _____
                                                          **Leigh Martin May**
                                                          **United States District Judge**